UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RALPH T. MINOR, )<br>)<br>Defendant. ) | Case No. 4:12-cr-00004-TWP-MGN-14 |

## ENTRY ON MOTION FOR RETURN OF PROPERTY

This matter is before the Court on Defendant Ralph T. Minor's ("Mr. Minor") Motion for Return of Property pursuant to Federal Rule of Criminal Procedure 41(e)[1] and 41(g). Mr. Minor seeks the return of $7,654.00 in United States currency which was seized on February 2, 2009 and declared administratively forfeited pursuant to Title 21 USC 881 on December 28, 2009. A hearing on the motion was held on April 20, 2012. For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

On February 9, 2009, Detective Robert McGhee ("Det. McGhee") with the Jeffersonville, Indiana Police Department, assigned to the drug investigation unit, and uniform officer Dan Lawhorn stopped the vehicle that Mr. Minor was driving for a traffic violation. In his police report (Dkt. 28-1), Det. McGhee states that officers observed Mr. Minor make furtive movements while inside the vehicle and smelled burnt marijuana on Mr. Minor when they approached the vehicle. Mr. Minor's driver's status was "suspended". During a pat-down of

---

[1] Rule 41(e) was re-designated Rule 41(g) in 2002 and "[c]ourts recognize that case law interpreting former Rule 41(e) generally applies to current Rule 41(g)." Wright, King & Klein, *3A Federal Practice and Procedure, Criminal,* § 690 (4th ed. 2011). While Minor cites to both Rule 41(e) and (g), it is presumed that his motion is brought pursuant solely to Rule 41(g).

Mr. Minor's outer clothing to verify that Mr. Minor had no weapon, officers found a total of $7,654.00 in United States currency on Mr. Minor's person. Approximately $2,500.00 was found in Mr. Minor's pants pocket and approximately $5,000.00 cash and 24 Hydrocodone pills in a plastic baggie were found inside of Mr. Minor's pants in the groin area. According to the police report, Mr. Minor was Mirandized and admitted that he did not have a prescription for the pills, however, he stated that the money was a large tax refund of his; he later indicated that the money was from his girlfriend's tax refund. At the hearing, Mr. Minor offered a third explanation and stated that he received the money as an inheritance from his father who died in September 2001. According to Mr. Minor, he collected $10,000.00 in inheritance proceeds in November 2008 and he had the money on his person on February 9, 2009 as he had intended to purchase a vehicle. Mr. Minor separated the money and put $5,000.00 in the groin area of his pants to hide the money when he saw Det. McGhee. Apparently, Det. McGhee has arrested and taken money from Mr. Minor in the past. Mr. Minor presented a prescription printout from a Walgreens drugstore which indicated that he had filled a prescription for nine (9) Hydrocodone pills in October 2008. The prescription records, however, do not substantiate the remaining 15 pills. Mr. Minor admits that his Hydrocodone pills were in the groin area of his pants, in a plastic baggie rather than in a prescription bottle, but gave no explanation as to why he would carry his medication in such an unusual area on his person.

The money and pills were seized by the Jeffersonville Police Department on February 9, 2009 as alleged proceeds used to facilitate a violation of the Controlled Substance Act. Mr. Minor was arrested but released later that day. Following his release from custody, Det. McGhee reported that Mr. Minor telephoned him, admitted that he had been dealing cocaine and expressed a willingness to cooperate with law enforcement. Mr. Minor was aware that law

enforcement had taken possession of his money and pills. On May 6, 2009, a turnover order was issued by the Clark County Superior Court relinquishing the funds to the Federal Bureau of Investigation ("FBI"). The FBI initiated civil forfeiture proceedings against the $7,654.00 pursuant to Title 21 U.S.C. § 881 and Title 18 U.S.C. § 983.

Notice of the forfeiture action was sent to Mr. Minor by certified mail, to three separate addresses: 807 Fulton Street, Jeffersonville, IN 47130 ("807 Fulton St."); 3607 Canopus Court, Louisville, KY 40219 ("3607 Canopus Ct."); and 273 Winston Court, Louisville, KY 40229-3362 ("273 Winston Ct."). The return receipt green card for the notice sent to the 807 Fulton St. address shows that Patricia Minor, the defendant's mother, signed the green card on May 9, 2009. The 807 Fulton St. address is listed as Mr. Minor's home address in 2008 and 2009 on his Walgreens prescription printouts (Def. Exhibit 1). The return receipt green card for the notice sent to the 3607 Canopus Ct. address shows that a Mr. Michael Coleman signed the green card on May 11, 2009. The return receipt green card for the notice sent to the 273 Winston Ct. address shows that it was returned stamped "Moved Left No Address," "Unable to Forward," and "Return to Sender." Additionally, as required by statute, notice of the seizure and intended forfeiture of the $7,654.00 was published on May 22, May 29, and June 5, 2009, once a week, for three consecutive weeks, in the *Wall Street Journal* newspaper. Mr. Minor did not file a petition for remission and no claims were filed concerning the $7,654.00. The currency was declared administratively forfeited by the FBI on December 28, 2009.

On September 14, 2010, an Indictment was filed in the Southern District of Indiana, under case number 4:10-cr-0006-TWP-MGN-14, charging Mr. Minor, and several others, with various offenses of the Controlled Substance Act. Thereafter, a Superseding Indictment was filed on December 14, 2010, which charged Mr. Minor with conspiracy to possess with intent to

3

distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a) and 846. Specifically, the United States alleged that Mr. Minor acted as a distributor in a multiple defendant cocaine trafficking conspiracy and that on February 9, 2009 he possessed the $7,654.00.

On February 13, 2012, Mr. Minor entered a plea of guilty to the charge that he used a communications facility to distribute a controlled substance, filed in an Information in case number 4:12-cr-0004-TWP-MGN. On March 7, 2012, Mr. Minor filed a motion for the return of the $7,654.00 solely under case number 4:12-cr-0004-TWP-MGN, relying on cases holding that a post-conviction Rule 41(g) motion ("Motion to Return Property") should be treated as instituting a civil equitable proceeding for the return of the property in question. *See United States v. Solis*, 108 F.3d 722, 722 (7th Cir. 1997); *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir. 1992). There was no mention of inadequate notice of the administrative forfeiture proceedings in Mr. Minor's motion. The conspiracy charges filed against Mr. Minor in the Superseding Indictment (case 4:10-cr-0006-TWP-MGN-14) were dismissed on April 23, 2012, following the hearing on his sentencing.

## II. LEGAL STANDARD

The federal government is authorized to forfeit monies that constituted or were derived from proceeds traceable to an exchange for a controlled substance or listed chemical in violation. *See* 21 USC § 881(a)(6). Procedurally, to institute a forfeiture action, the government must comply with the measures sent forth in 19 U.S.C. § 1607 as well as with 18 U.S.C. § 983. Section 1607 provides that the appropriate customs officer shall cause a notice of the seizure and the intention to forfeit to be published for at least three successive weeks. Both Section 1607 and Section 983 require that written notice of seizure shall be sent to each party who appears to have

an interest in the seized article. 18 U.S.C. § 983(a)(1)(A)(i); 19 U.S.C. § 1607(a).

If the government complies with the notice requirements, the property owner has twenty days from the date of the first publication of the notice to file a claim and post a bond. 19 U.S.C. § 1608. If the property owner does not file a claim and post a bond, then the forfeiture proceeds administratively and the district courts are divested of jurisdiction to review it. 19 U.S.C. § 1609; *Linarez v. United States Dep't. of Justice*, 2 F.3d 208, 211 (7th Cir.1993). If a plaintiff's claims could have been raised in the administrative proceeding, but were not, the forfeiture cannot be challenged in the district court under any legal theory. *Id.* at 213. However, federal courts always possess jurisdiction to review whether the notice given in the administrative forfeiture proceeding afforded the claimant constitutional due process. *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir.2000), cert. denied, 531 U.S. 1026, 121 S.Ct. 599, 148 L.Ed.2d 512 (2000). If the notice fails to comport with the requirements of due process, the underlying forfeiture action is void. *Garcia v. Meza*, 235 F.3d 287, 291 (7th Cir. 2000).

Federal Rule of Criminal Procedure 41(g) states that a person aggrieved by a search and seizure may move for the return of property, and that the district court must receive evidence on any factual issue necessary to decide the motion. See Fed.R.Crim.P. 41(g). However, once the property has been administratively forfeited, relief under Rule 41(g) is no longer available. "Rule 41(g) is a vehicle for recovering seized but not forfeited assets." *Turner v. Gonzales*, No. 06- 4020, 2007 WL 1302126 at * 1 (7th Cir. 2007) (unpublished) (citing *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004)). See also *United States v. Howell*, 354 F.3d 693, 695 (7th Cir.2004). Further, the Seventh Circuit instructs that a district court need not hold an evidentiary under Rule hearing 41(g) to satisfy the requirement that it receive evidence in order to resolve the factual dispute. *United States v. Stevens,* 500 F.3d 625, 628 (7th Cir.2007). Therefore,

evidence related to a factual dispute under the rule may be presented in the form of sworn affidavits or documents verifying the chain of custody of a particular item.

## III. DISCUSSION

**A.    Was Adequate Notice of the Administrative Forfeiture provided to Mr. Minor?**

There is sufficient evidence to find that Mr. Minor was provided adequate notice of the administrative forfeiture of the $7654.00 by the FBI. Constitutional due process standards require that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Moreover, written notice of forfeiture by certified mail to the claimant's residence generally satisfies due process even if the claimant does not receive actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (noting that the state must only attempt to provide actual notice), *Krecioch,* 221 F.3d at 981; *see also Linarez,* 2 F.3d at 210 (where DEA sent notice of seizure by certified mail to Linarez's last known address and received a signed certified mail receipt, no challenge to due process allowed). In *United States v. Rosas*, 2000 U.S. App. LEXIS 6799, *2 at 2, the court held that the notice the DEA provided to Rosas was sufficient, even if Rosas did not receive the notice because it was returned to sender twice. *See* 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.75; *see also United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (due process does not require that potential claimant receive notice of forfeiture as long as government sends actual notice to potential claimant). However, "due process is not satisfied 'if the notifying party knew or had reason to know that notice would be ineffective,'" *Krecioch,* 221 F.3d at 980 (quoting *Sarit v. United States Drug Enforcement Admin.,* 987 F.2d 10, 14 (1st Cir.1993)).

The notice to Mr. Minor was adequate at the time it was sent. Notice was sent to the three known addresses for Mr. Minor on the same day, May 7, 2009. One was returned unsigned and stamped "Unable to Forward" and "Return to Sender". A second was returned with the signature of an individual of unknown person, Michael Coleman. These notifications would stand sufficient to satisfy the written notice requirement because actual notice to Mr. Minor is not necessary considering the government made an attempt to provide actual notice at Mr. Minor's last known addresses under the reasoning of *Dusenbery* and similar cases. However, the third notice signed by *Mr. Minor's* mother provides an even more formidable argument that Mr. Minor's due process rights were satisfied. In *United States v. Morgan*, Judge Lee of the Northern District of Indiana found that the defendant's wife and adult daughter's signing of the certified mailing concerning the forfeiture of his property (a car) by the DEA, was adequate and satisfied his due process rights. 2006 U.S. Dist. LEXIS 53000, at *10 n4 (N.D. Ill. July 31, 2006). Thus, the signature of Mr. Minor's mother on the certified mailing is adequate due process right notice.

Mr. Minor argued that he had no knowledge of the federal forfeiture procedure and that he was likely incarcerated during the time the notices were sent out. However, even if Mr. Minor was incarcerated, the notices sent to his known addresses still adequately served his due process rights. *See generally Yeung Mung Weng v. United States*, 137 F.3d 709, 714 (2d Cir. 1998) (discussing that the notice sent to a prisoner's incarceration facility, his last known address, and his mother's address were considered individual adequate notices even though the defendant was incarcerated at the time).

In accordance with the Section 1607, publication of the administrative forfeiture proceedings is required by way of a publication listed for at least three successive weeks in a

newspaper of general circulation in the judicial district in which the forfeiture proceeding is brought. 19 U.S.C. § 1607 (a); 21 C.F.R. § 1316.75.  In *United States v. $84,940 United States Currency*, the Seventh Circuit did not state that there were any challenges regarding the use of the *Wall Street Journal* as the publication medium for the forfeiture notification.  2004 U.S. App. LEXIS 1445, \*\*6 at 4.  The FBI's use of the *Wall Street Journal* as the newspaper of general circulation to notify Mr. Minor of the administrative forfeiture notice, while curious, does not abridge any current precedent. Although not deemed a local publication, when combined with the signed certified mail receipt of Mr. Minor's mother, it provides adequate evidence of notice to Mr. Minor for the FBI's administrative forfeiture proceedings concerning the seized $7,654.00.

Ultimately, adequate notice of the administrative forfeiture proceedings after the seizure and turnover of discerned controlled substance related currency was provided by the FBI to Mr. Minor pursuant to Title 21 U.S.C. § 881, Title 18 U.S.C. § 983 and Title 19 U.S.C. § 1607 because reasonably calculated measures to provide notice were taken.

**B.    Is Mr. Minor entitled to return of the $7,654.00 pursuant to FRCP 41(g) ?**

Mr. Minor seeks return of the currency pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Motion to Return Property").  To prevail on a 41(g) motion, a criminal defendant must demonstrate that:  (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.  *United States v. Cauwenberghe*, 827 F2.d 424, 433 (9th Cir. 1987).   Under Fed.R.Crim.P. 41(g) "The movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008).

Because the drug conspiracy charges against Mr. Minor were later dismissed, Mr. Minor

argues that there is no sufficient nexus between the final Indictment he pled guilty to and the $7,654.00 which was seized. Mr. Minor argues that inclusion of the $7,654.00 in the forfeiture notice listed in the Superseding Indictment, somehow negates the administrative notice of forfeiture. However, this argument fails as a valid administrative forfeiture occurred in this case. Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure. Under the scheme established by the statute and the Federal Rule, the government may obtain a warrant for the seizure of property if a court "determines that there is probable cause to believe that the property to be seized would, in the event of conviction of the defendant in the associated criminal prosecution, be subject to forfeiture". 21 U.S.C. § 853(f). Neither Section 853 nor Rule 32.2 provides for any further inquiry into the property's likelihood of forfeiture until the defendant in an associated criminal proceeding is found or pleads guilty "on any count in the indictment or information regarding which criminal forfeiture is sought." Fed.R.Crim.P. 32.2(B)(1)(A).

Although the government does not gain definitive title to the property until the entry of a judgment of conviction, title shifts, through the operation of the relation back provision, at the time of the commission of the crime. *U.S. v. Mova-Gomez*, 860 F.2d 706, 725-26 (7th Cir. 1988). In *Mova-Gomez*, the Seventh Circuit held that had the defendant used the alleged forfeitable monies to pay for an attorney, those funds, if transferred to the attorney, would still be subject to the seizure, thus making possession of the funds by the defendant irrelevant. *Id.*

As stated above, the FBI adequately provided Mr. Minor with notice of the administrative forfeiture. Therefore, possession had already been conferred to the FBI, just as in *Mova-Gomez,* and Mr. Minor would not be lawfully entitled to it. Again, once the property has been administratively forfeited, relief under Rule 41(g) is no longer available.

Finally, even if the administrative forfeiture were not valid, Mr. Minor's claim under Rule 41 (g) would still fail. Mr. Minor's testimony regarding the legality of the $7,654.00 and the events of February 9, 2009 concerning the Hydrocodone pills and where he obtained the cash lacked credibility. Mr. Minor has not met his burden of showing that he is lawfully entitled to the seized property, that the property was not contraband, or that the seizure was illegal.

## IV. CONCLUSION

The facts and law show that the FBI provided reasonably calculated notice to Mr. Minor regarding the administrative forfeiture proceedings of the seized $7,654.00 and the Superseding Indictment's notice of forfeiture has no effect on that forfeiture. For the reasons stated herein, the Motion for Return of Property (Dkt. #26) is **DENIED**.

SO ORDERED:

Date: 06/07/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Henry M. Burt
HENRY BURT, ATTORNEY
Burtm5@insightbb.com

Josh J. Minkler
UNITED STATES ATTORNEY'S OFFICE
josh.minkler@usdoj.gov

Brian Bowers
United States Probation Office